IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN OVERBEY                                                                    PLAINTIFF

V.                                                              NO. 4:16-CV-225-DMB-RP

MISSISSIPPI DEPARTMENT
OF CORRECTIONS                                                                  DEFENDANT

## ORDER OF DISMISSAL

This case is before the Court for consideration of the Mississippi Department of Corrections' motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for failure to exhaust state court remedies. Doc. #8.

## I
## Relevant Facts and Procedural History

### A. Overbey's Mississippi and Louisiana Parole

On April 6, 1979, John Overbey was convicted in Mississippi state court for a homicide and then sentenced to prison with the Mississippi Department of Corrections ("MDOC"). Doc. #8-3. Ten years later, he was released on parole. *Id.*; Doc. #1. About seven years later, in August of 1996, Overbey was arrested in Louisiana and convicted, once again in state court, of second degree kidnapping, for which he was sentenced to imprisonment for forty years. Doc. #1; Doc. #8-1. In November of 1997, MDOC lodged a detainer with the Department of Public Safety and Corrections in Baton Rouge, Louisiana, for Overbey violating his parole conditions. Doc. #8-2 at 3.

On December 19, 1997, the Louisiana State Penitentiary wrote MDOC stating, "we filed your detainer against [Overbey] and have marked our records to show that he is wanted by your

office. For your information subject's earliest release date is 8/9/2036 via full term. You will be notified approximately thirty (30) days prior to his release." Doc. #8-2 at 1.

Eighteen years later, on December 30, 2015, the Louisiana State Penitentiary wrote MDOC, inquiring about the removal of the detainer and providing MDOC a form to fill in. *Id*. at 2. MDOC responded on January 6, 2016, by checking the option "Offender is WANTED by [MDOC]. Do not remove detainer." *Id*.

After receiving the letter, the Louisiana Board of Pardons, Committee on Parole, issued a decision on April 14, 2016, that Overbey was

> **GRANTED** parole …
> To Detainer – STATE OF MISSISSIPPI.

Doc. # 1 at 5. Overbey alleges, however, that Mississippi failed to execute the detainer and pick him up. *Id.* at 2. On December 22, 2016, Louisiana wrote Overbey to inform him that his parole was rescinded for failure to "provide an approved Louisiana residence plan." Doc. #7 at 4. The Louisiana Board of Pardons scheduled another parole hearing for Overbey for February 9, 2017. *Id.*.[1] Overbey states that he was unaware until November 16, 2016, that he was eligible for "in state" parole but by then had too little time to identify a suitable Louisiana address for release. *Id.* at 1–2.

### B. This Action

Sometime before November 14, 2016, Overbey filed a pro se "Motion to Show Cause" in this Court.[2] Doc. #1. As of August 10, 2016, Overbey alleges that even though he was paroled from his Louisiana custody he has not yet been released because of a detainer lodged against him by the State of Mississippi related to his Mississippi parole. *Id*. at 2. Finally, Overbey alleges he

---

[1] The record does not reflect the outcome of the February 9, 2017, hearing.

[2] The postmark on the envelope in which the motion was sent to the Court is illegible, and it appears Overbey did not include a date on the motion.

has not been transferred to Mississippi custody and remains in the custody of the Louisiana Department of Corrections. *Id.* Overbey seeks an order requiring the State of Mississippi to either execute its detainer against him or remove the detainer so that he can be released by the State of Louisiana to his family. *Id.*

On December 28, 2016, MDOC, construing the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, moved to dismiss Overbey's motion for failure to state a claim upon which relief may be granted or, alternatively, as unexhausted. Doc. #8. Overbey responded on January 17, 2017, opposing the construction of his motion as a petition for habeas corpus. He did not address the issue of exhaustion. Doc. #10 at 1–2. On February 3, 2017, United States Magistrate Judge Roy Percy ordered Overbey to "notify the court, within twenty-one (21) days … whether he intends to proceed with his pleading or whether he wishes to withdraw it," advising Overbey of the Court's intention to construe his pleading as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Doc. #12. In the order, Judge Percy noted that "Overbey seeks to challenge his continued Louisiana detention on the basis of a detainer filed by the State of Mississippi. A habeas petition is the proper vehicle for him to do so." *Id.* (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 485 (1973)). Overbey filed no response, and the time allowed for him to do so has passed.

On May 23, 2017, this Court, pursuant to its independent obligation to determine whether subject matter jurisdiction exists, issued an order requiring Overbey to show cause why this action should not be dismissed. Doc. #13. In response, on June 5, 2017, Overbey filed an "Answer to Motion to Show Cause." Doc. #14.

## II
## Habeas Petition

MDOC addressed Overbey's pleading as a habeas proceeding pursuant to 28 U.S.C. §

3

2254. Overbey argues that his motion is not a habeas petition because is not attacking his convictions but rather MDOC's delay in executing the detainer filed against him. The Fifth Circuit has held that "a motion to have [a] detainer removed [is] a challenge to the manner in which [a] sentence is being executed. The motion therefore [is] a petition for relief pursuant to 28 U.S.C. § 2241." *United States v. Hudson*, 157 F.3d 902 (5th Cir. 1998). Accordingly, the Court construes Overbey's pleading as a habeas petition under § 2241.

### III
### Jurisdiction

Overbey is currently in custody in Louisiana but petitioned this Court for a writ of habeas corpus, naming MDOC as the respondent. Before proceeding, the Court must determine whether it has jurisdiction to consider Overbey's petition.

In determining whether the Court has jurisdiction over Overbey's habeas petition, the Court must first identify the proper respondent to the petition, and then determine whether the district has jurisdiction over him or her. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). These "immediate-custodian" and "territorial-jurisdiction" rules, however, are not jurisdictional "in the sense of a limitation on subject-matter jurisdiction." *Id.* at 451 (Kennedy, J., concurring). Instead, "[b]ecause [these] rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government." *Id.* at 452 (Kennedy, J., concurring).

"[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* at 434 (citing 28 U.S.C. § 2242) (internal quotations and brackets omitted); *see* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). When a habeas petitioner challenges his present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held ...." *Rumsfeld*,

4

542 U.S. at 435. However, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438. "[T]he 'in custody' determination is made at the time the habeas petition is filed." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

When he filed his petition, Overbey was in physical custody in Louisiana. But Overbey does not attack his physical confinement as a result of the Louisiana conviction. Overbey's petition seeks a court order for Mississippi to execute its detainer. Doc. #1 at 2–4. In Overbey's response to the Court's show cause order, he states that his

> problem concerns Mississippi (detainer) …. [He] was granted parole by the state of Louisiana only to have his parole rescinded when Mississippi from April 15 2016 until Dec. 2016 did not come and get him. Therefore a liberty interest is involved. Did not Mississippi have a time limitation to get Overbey? Surely not 9 months, then still not doing so. Did Mississippi violate a state of limitation period in failing to get Overbey? Invoking jurisdiction to intervene?

Doc. #14 at 2.

When a prisoner attacks an interstate detainer on federal habeas corpus grounds, the prisoner is 'in custody' in the detainer-issuing state by virtue of the detainer, even though he is physically confined in another state. *Braden*, 410 U.S. at 498–99 (Alabama prisoner who filed habeas petition in Western District of Kentucky challenging detainer lodged against him in Kentucky state court was in custody in Kentucky by virtue of detainer). "[T]he State holding the prisoner in immediate confinement acts as agent for the demanding State." *Id*. Thus, based on Overbey's motion and response, the proper respondent is the person who has control over Overbey's Mississippi detainer.

Without challenging Overbey's naming of MDOC as the respondent, MDOC moved to dismiss his petition, ostensibly conceding that it is the proper respondent. Doc. #8. Additionally,

correspondence concerning MDOC's detainer came from Parchman, Mississippi—a territory within this Court's jurisdiction. Therefore, the Court has jurisdiction over personnel at Parchman who exercise legal control over Overbey's challenged custody. *Braden*, 410 U.S. at 495 (court's ability to grant habeas relief "within their respective jurisdictions" under § 2241(a) requires "nothing more than that the court issuing the writ have jurisdiction over the custodian"); *Rumsfeld*, 542 U.S. at 442. Accordingly, the Court is satisfied that it has jurisdiction over Overbey's habeas petition.

## IV
## Motion to Dismiss for Failure to Exhaust

MDOC argues Overbey's petition should be dismissed for failure to exhaust available state court remedies. Doc. # 8 at 5–7.

"A post-trial state prisoner seeking relief under § 2241 is required to exhaust state remedies." *Marshall v. Tanner*, 651 F. App'x 254, 255 (5th Cir. 2016). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon,* 777 F.2d 999, 1003 (5th Cir. 1985)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and the petitioner bears the burden of demonstrating the futility of administrative review. *Id*. (internal citation omitted).

The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Rome v. Kyle*, No. 93-5551, 1994 WL 708768, *3 (5th Cir. Nov. 30, 1994). If a petitioner fails to exhaust his claims before seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *Id.* at *2, *3 (affirming district court's dismissal without prejudice of § 2241 complaint for failure to exhaust).

In Mississippi, the highest state court for criminal matters is the Mississippi Supreme Court. *See Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997).

To date, Overbey has no former or pending cases in the Mississippi Supreme Court.[3] As a result, he cannot currently challenge MDOC's failure to execute his detainer in a federal habeas proceeding. Accordingly, Overbey must show extraordinary circumstances to excuse his failure to exhaust. *See, e.g., Taylor v. United States Treasury Dept.*, 127 F.3d 470, 477 (5th Cir. 1997) ("While courts have discretion in applying the jurisprudential exhaustion requirement, the exercise of that discretion is circumscribed in that a court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances.") (internal citation omitted). He has not. Therefore, dismissal for lack of exhaustion is warranted.[4]

## V
## Stay of Action

MDOC argues this Court should not stay this action while Overbey pursues his state court remedies. In support of its motion, MDOC relies on *Rhines v. Weber*, which held that because the one-year statute of limitations on § 2254 petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court has discretion to stay a "mixed" petition to allow the petitioner time to present his unexhausted claims to the state court and then return to federal court review for his perfected petition. 544 U.S. 269, 278–79 (2005).[5]

---

[3] The Court takes judicial notice of the Mississippi Supreme Court's website, which shows no pending or former cases filed by Overbey. *See Hyder v. Quarterman*, No. 07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites.") (collecting cases).

[4] A district court has discretion to consider the merits of unexhausted habeas claims. *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). Because the result of Overbey's February 2017 parole hearing is potentially relevant to the resolution of Overbey's claims and is unclear from the record, the Court declines to exercise its discretion to address the claims on the merits.

[5] The Court notes that Overbey's motion is not a "mixed" petition with exhausted and unexhausted claims. In *Pace v. DiGuglielmo*, which was issued the month after *Rhines*, the Supreme Court suggested that *Rhines* may apply in limited circumstances outside the context of a mixed petition. 544 U.S. 408 (2005). Although the Fifth Circuit Court of Appeals appears not to have spoken on the issue, several courts have concluded that *Pace* extended the

However, because Overbey's petition was construed under § 2241, and not § 2254, the one-year AEDPA statute of limitations does not apply. *See Homayun v. Cravener*, 39 F.Supp.2d 837, 841 (S.D. Tex. 1999) (stating Fifth Circuit has not applied AEDPA limitations period to § 2241 petitions); *see, e.g., Reyes-Requena v. United States*, 243 F.3d 893, 906 n. 34 (5th Cir. 2001) (expiration of AEDPA's statute of limitations, without more, insufficient reason to construe petition under § 2241); *Miller v. Stephens*, No. 2:14-cv-103, 2017 WL 3142402, at *1 (N.D. Tex. June 15, 2017) (collecting cases), *adopted by* No. 2:14-cv-103, 2017 WL 3130330 (N.D. Tex. July 21, 2017). The Court therefore declines to stay this action.

## VI
## Conclusion

For the reasons herein, MDOC's motion to dismiss [8] is **GRANTED**. This action is **DISMISSED without prejudice**.

**SO ORDERED**, this 26th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

*Rhines* rationale beyond mixed petitions. *See Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006); *Doe v. Jones*, 762 F.3d 1174, 1178–79 (10th Cir. 2014); *but see Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining, without discussion of *Pace*, to extend stay and abeyance to "the situation where the original habeas petition contained only unexhausted claims …"). Nevertheless, the rationale of these opinions is not applicable to a § 2241 petition.